IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DHIP HOLDINGS, LLC, et al.   )
                             )
v.                           ) NO. 3-12-0908
                             ) JUDGE CAMPBELL
NASHVILLE APPAREL CO., INC., )
et al.                       )

TEMPORARY RESTRAINING ORDER

Pending before the Court is an Emergency Motion For A Temporary Restraining Order and Preliminary Injunction filed by the Plaintiff (Docket No. 2). The Motion asks this Court, among other things, to issue a Temporary Restraining Order ("TRO") enjoining Defendants from various actions related to the "DUCK HEAD family of trademarks" and related contracts. Docket No. 2.

The Court held a hearing on the Motion on September 5, 2012, which was attended by counsel for all parties.

For the reasons stated from the bench at the hearing and described below, the Motion is GRANTED on the terms and conditions stated herein.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

Based on the Motion, Verified Complaint, briefs, pleadings, representations of counsel and the entire record, the Court finds:

(1) Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their Lanham Act claims. Specifically, the Court finds that Plaintiffs are likely to succeed on their claims that the NAC Sublicense has been terminated, that the sell-off period has been terminated, and that Defendants are not entitled to market or sell products bearing the "DUCK HEAD" trademark.

(2) Plaintiffs have demonstrated that they will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing. Specifically, the Court finds that the "DUCK HEAD" trademark will be diluted by unauthorized sales if a TRO is not granted.

(3) The balance of relative harms among the parties weighs in favor of Plaintiffs against Defendants.

(4) The public interest will not be harmed by injunctive relief pending a preliminary injunction hearing. It is in the public interest to protect trademarks.

It is, therefore, ordered, pursuant to Federal Rule of Civil Procedure 65, that Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from selling or marketing, in any form, any products bearing the "DUCK HEAD" trademark without the prior written approval of the Plaintiffs.

Provided, however, Defendants can complete the sale of any DUCK HEAD products pursuant to any firm, binding, valid sales contract entered into before August 28, 2012. Defendants shall provide to Plaintiffs documentation of such contracts for the sale of DUCK HEAD products and shall pay royalties of at least 6% on any such sales into an escrow account to be held pending further Order of the Court. Defendants shall also preserve for safe-keeping all remaining inventory of DUCK HEAD products.

This Temporary Restraining Order shall expire at midnight on the fourteenth day after its issuance. A preliminary injunction hearing is set for September 19, 2012, at noon. This Temporary Restraining Order is effective upon its issuance on September 5, 2012, at 10:40 a.m.

Under the circumstances of this case, Plaintiffs shall post a bond in the amount of $300,000.00 with the Clerk of Court.

The parties shall file with the Court by September 17, 2012, the following pertaining to the preliminary injunction hearing: (1) any affidavits; (2) witness lists; (3) exhibit lists; (4) any depositions and/or deposition designations; (5) any stipulations; (6) any motions in limine; and (7) supplemental briefs. No witness shall testify live at the preliminary injunction hearing unless the party calling such witness to testify has identified and made that witness available for a deposition prior to the hearing.

Defendants' Motion for Leave to File under Seal (Docket No. 12) is GRANTED.

IT IS SO ORDERED.

                                                                   *Todd Campbell*
                                                                  TODD J. CAMPBELL
                                                                  UNITED STATES DISTRICT JUDGE