UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DHIP HOLDINGS, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 3:12-cv-00908 ) Judge Sharp |
| NASHVILLE APPAREL CO. INC, et al., | ) ) ) |
| Defendants. | ) |

## PRELIMINARY INJUNCTION ORDER

Pending before the Court is Plaintiffs' motion to convert the Temporary Restraining Order ("TRO") that is currently in effect (Docket Entry No. 38) into a Preliminary Injunction. (*See* Docket Entry No. 2.) The Court held a hearing on the motion on October 3, 2012, and heard argument from counsel for Plaintiffs, Defendants, and Intervener Pinnacle Bank.

For the reasons stated on the record in open court and described herein, Plaintiffs' motion for a Preliminary Injunction is GRANTED with respect to all parties in the litigation, under the terms and conditions set forth herein.

Under Fed. R. Civ. P. 65, the Court weighs four factors when considering an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). "The purpose of a preliminary injunction is simply to

preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

(1) Plaintiffs have demonstrated a strong likelihood of success on their trademark infringement claims. Specifically, the Court finds that they are likely to succeed on their claims that the sublicense granted to Defendant Nashville Apparel Company, Inc., was terminated, that the contractual sell-off period was terminated, and that Defendants are no longer entitled to market or sell products bearing the "DUCK HEAD" trademark. The record supports the Court's preliminary finding that Plaintiffs validly exercised their rights under the Sublicense Agreement and gave Defendants' reasonable notice of the termination of the contractual sell-off period, pursuant to the terms of the sublicense. Moreover, Pinnacle Bank's 2007 perfected security interest cannot give it greater rights in the collateral than its debtor had. *See* Tenn. Code Ann. § 47-9-203(b)(2) and U.C.C. Comment 6. Of course, while Plaintiffs' likelihood of success is strong, it is not a foregone conclusion. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (holding that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits").

(2) If the contested "DUCK HEAD" marked goods were to be sold without Plaintiffs' authorization, Plaintiffs would suffer irreparable harm. *See Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999).

(3) Issuance of the injunction will not cause substantial harm to others. While the harm caused by any infringement upon Plaintiffs' trademark could be irreparable, Pinnacle Bank still has adequate legal remedies against Defendants. For their part, Defendants are not substantially harmed because they do not have any right to sell "DUCK HEAD" merchandise after the termination of the sublicense agreement and sell-off period.

(4) The public interest is served by a preliminary injunction to protect a trademark.

It is therefore ORDERED pursuant to Fed. R. Civ. P. 65 that:

All parties to this litigation, as well as their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them are hereby enjoined from selling or marketing, in any form, any products bearing the "DUCK HEAD" trademark without the prior written approval of Plaintiffs. Plaintiffs shall not unreasonably withhold approval.

Defendants can complete the sale of any "DUCK HEAD" products pursuant to any firm, binding, valid sales contract entered into before August 28, 2012. Defendants shall provide to Plaintiffs documentation of such contracts for the sale of "DUCK HEAD" products and shall pay royalties on any such sales into an escrow account to be held pending further Order of the Court. Defendants and Intervener shall also preserve for safe-keeping all remaining inventory of "DUCK HEAD" products.

Under the circumstances of this case, Plaintiffs shall post a bond in the amount of $500,000.00 with the Clerk of Court. *See* Fed. R. Civ. P. 65(c).

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE